## PRITCHETT v. DAVIS. (No. 137.)

(Court of Civil Appeals of Texas. Waco. Feb. 5, 1925. Rehearing Denied March 12, 1925.)

**1. Pleading �köœ214(3)—Demurrer admits damage where petition recites stated amount in damage.**

General demurrer to petition to rescind contract for sale of land or in the alternative for damages reciting that petitioner had been compelled to pay by false representations a stated amount as purchase price of land admits that petitioner has been damaged.

**2. Vendor and purchaser ⊖köœ341(2)—Purchaser shown entitled to rescission for misrepresentation of owner that vendor was owner.**

Petition as against general demurrer held to show purchaser of land from one having contract for deed entitled to rescission of contract, or, in alternative, to damages, where it alleged that value of the land had materially decreased and that owner had concealed from purchaser, at time of execution of deed direct to him, fact that vendor had abandoned or canceled his contract of purchase, and was therefore unable to convey to purchaser.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Suit by T. G. Pritchett against A. J. Davis. A general demurrer to plaintiff's petition was sustained, and from the judgment entered for defendant thereon plaintiff appeals. Reversed and remanded.

J. T. Spencer, of Waxahachie, for appellant.

Sharp, Tirey & Gray, of Ennis, for appellee.

GALLAGHER, C. J. T. G. Pritchett, appellant herein, sued A. J. Davis, appellee herein, in the district court for rescission of a land trade and recovery of the purchase price paid and delivered therefor, or, in the alternative, for a recovery of damages. The parties will be designated as in the trial court. That court sustained defendant's general demurrer to plaintiff's petition, and plaintiff has appealed.

---

⊖köœFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Plaintiff's petition is lengthy, and we will not copy the same, but, instead, give a brief statement of the substance only of the principal averments therein made.

Plaintiff in said petition alleged that defendant had, at some time prior to August 9, 1920, entered into an executory contract with one M. E. Phillips for an exchange of lands; that by the terms of said contract defendant engaged to convey to said Phillips a certain 50 acres of land situated in Ellis county, and being the tract of land involved in this suit; that, after the making of said contract, defendant approached plaintiff and informed him of the same, and further informed him that, if he desired to buy said land from said Phillips, he, defendant, thought that he could get it for him for $200 per acre; that he agreed thereto, and that defendant as his agent prepared a written contract of purchase and sale, copy of which was attached to plaintiff's petition; that said contract was signed by him and by said Phillips on August 9, 1920.

The copy of said contract attached to plaintiff's petition recited that said Phillips was under contract to purchase said 50 acres of land from defendant; that he agreed to sell the same and make deed to the same to the plaintiff on the first of the coming year for $1,000 cash, six vendor's lien notes for $1,000 each, due one each year thereafter for six years, and for the assumption by the plaintiff of a debt of $3,000 then secured by lien on said land. Said contract also provided for a forfeit of $1,000 to be paid by the party failing to comply with the terms thereof.

Plaintiff alleged that at the time of the execution of said contract said land was of the market value of $200 per acre, the price he agreed to pay for the same, but that the market value thereof began immediately thereafter to decline, and that said market value of said land on January 3, 1921, the time he was induced to accept a deed thereto from defendant, as hereinafter shown, was only $100 per acre. In this connection he further alleged that he went to said Phillips only a short while before the first of the year and offered to pay him the $1,000 forfeit provided for in said contract if said Phillips would release him therefrom, and that said Phillips declined said offer and declared he intended to enforce specific performance of said contract.

Plaintiff further alleged that thereafter the contract for exchange of lands between defendant and Phillips was canceled or abandoned, and said Phillips never acquired title to said 50 acres of land, and, having no title thereto, that it was impossible for him to require plaintiff to comply with said contract between them; that the defendant concealed said action and situation from plaintiff, and falsely and fraudulently represented to plaintiff that said trade between him and said Phillips had been consummated, and that said Phillips was the owner of the said land and authorized to demand and was demanding of plaintiff compliance with his, plaintiff's, said contract of purchase; that in order to save expense of two deeds said Phillips was willing for him, the said defendant, to deed said land to plaintiff upon the terms agreed upon between plaintiff and Phillips, and for defendant to receive the consideration therefor, and that defendant was authorized by said Phillips so to do; that he believed said representations, and, thinking he was complying with a binding contract between him and the same Phillips, accepted said deed, paid defendant $1,000 in cash, executed and delivered six vendor's lien notes for the sum of $1,000 each, and assumed the payment of an indebtedness of $3,000, secured by lien on said land; that he had no contract with defendant to purchase said land from him on any terms.

Plaintiff further alleged, in substance, that all said representations were false; that he relied on them and was induced thereby to accept said deed and to pay said money, execute and deliver said notes, and assume said indebtedness; that, had he known that said trade between defendant and Phillips was abandoned, that Phillips had no further interest in said land nor right to convey the same nor to demand of him a compliance with his said contract, he would not have accepted said deed, paid said money, or delivered said notes and assumed the indebtedness aforesaid; that he was damaged by reason of said false representations and his reliance thereon and his action thereon in the sum of $5,000; that shortly after accepting said deed he discovered the falsity of the representations of defendant as above set out, and offered to redeem the land to defendant, and demanded a return of the consideration therefor. Plaintiff in said petition offered to reconvey said land to defendant and prayed for a rescission of said purchase, recovery of said money and notes, and release from said assumption of indebtedness, or, in the alternative, for a judgment for his damages in the sum of $5,000.

The above is only a brief synopsis of plaintiff's petition. The matters set out above were sufficiently elaborated to meet the requirements of the law in asserting such a cause of action when assailed by general demurrer.

The defendant seeks to sustain the action of the trial court in sustaining his general demurrer on the following grounds: (a) That the facts alleged, if true, do not show that plaintiff is entitled to any damages, nor that he has been damaged in view of his contract with Phillips; (b) that plaintiff's allegations, if true, do not show that he is entitled to a rescission; (c) that the contract between Phillips and Pritchett covered the 50 acres of land involved in this suit, and that said land was conveyed by defendant to plaintiff

on the same terms upon which he had contracted to purchase said land from said Pritchett.

We do not think the action of the trial court can be sustained on any of such grounds. The gist of plaintiff's allegations is that he had made a contract with Phillips, which, by reason of a radical decline in real estate values between the date of making of such contract and the date set for its consummation, had become an onerous one, and from which he desired to be released, even at the sacrifice of $1,000; that said Phillips, by reason of the cancellation or abandonment of his contract for acquisition of title to said land by exchange with defendant, not only had no title thereto, but no longer had any right therein, and was on that account wholly unable to comply with his contract to convey said land to plaintiff, and therefore wholly without authority or right to require plaintiff to comply with such contract; that plaintiff, by reason of such fact, was released from any and all further liability thereon; that defendant in scheming to secure for himself the benefit of said contract, which was highly beneficial to the seller and correspondingly onerous to plaintiff as the purchaser, fraudulently misrepresented the facts, and pretended to plaintiff and induced plaintiff to believe that said Phillips was then the owner of said land, was entitled to a deed thereto from him, the said defendant, and was entitled to demand and was demanding that plaintiff comply with said contract; that said Phillips had approved the plan of having the deed executed by defendant directly to plaintiff; that he, plaintiff, was deceived by said representations and induced to act thereon, to accept a deed to property he was in no wise obligated to purchase, and to pay and promise to pay therefor $5,000 more than it was worth at the time.

[1, 2] Plaintiff's petition as against a general demurrer being admittedly true, he showed thereby that he had been damaged in the sum of $5,000. The fact that he had prior to such transaction been bound to purchase said land from Phillips on the same terms was wholly immaterial, because he had, though unknown to him and concealed from him, been discharged from such obligation by the fact that Phillips was no longer able to comply with his part of said contract and no longer in a position to demand that plaintiff comply therewith. Having immediately after the discovery of the falsity of the representations upon which he had been induced to act in accepting said deed from defendant offered to reconvey said land to defendant, and demanded a return of the consideration, and nothing appearing in said petition tending to show that such demand was improper or inequitable, such petition as against a general demurrer showed him entitled to a rescission of said contract, or, in the alternative, to a judgment for his damages as therein alleged.

The judgment of the trial court is reversed and the cause remanded.